UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case Number 15-20764

v.                                                 Honorable David M. Lawson

ANTON STALEY,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COUNT TEN
## OF THE INDICTMENT AND ADJOURNING TRIAL

Defendant Anton Staley, charged in a multiple-count indictment with drug trafficking and firearms charges, has moved to dismiss Count Ten of the indictment, which charges him with possessing a firearm in furtherance of a drug trafficking crime, contrary to 18 U.S.C. § 924(c). The thrust of his argument is that the discovery materials furnished to him demonstrate that the government will not be able to prove the crime at trial. However, Staley's motion, which is brought under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), can attack only the legal sufficiency of the indictment itself, not the proofs that may or may not be offered at trial. Because the indictment adequately charges a crime under the applicable standard, Staley's motion will be denied.

I.

Count Ten of the indictment charges that, on November 18, 2015, defendant Anton Staley

> knowingly possess[ed] a firearm or firearms, that is, one J. Stevens Arms Company, Model 620, 12 gauge shotgun; one Bryco Arms, Model Jennings Nine, 9mm handgun, and/or one Smith and Wesson, Model 28, .38 caliber revolver, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States; specifically, the drug trafficking crimes alleged in Court Nine of this Indictment, in violation of 18 U.S.C. § 924(c)(1)(A).

Indictment at 6.  Count Nine of the indictment charges that on the same date Staley "knowingly and intentionally maintained a residence at 20046 Tireman Avenue, Detroit, Michigan, for the purpose of manufacturing and/or distributing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 856(a)(1)." *Id.* at 5.

Staley contends that he is entitled to have Count Ten dismissed because, he believes, based on information disclosed in investigative reports produced by the government, that there is "no set of facts" on which the government can prove that the firearms in question were "strategically located" in the residence such that they quickly and easily could be accessed by him for use in any possible criminal drug dealing.  Those reports, he maintains, show only that "the two [] handguns were located in a lockbox in the basement, and the shotgun was without ammunition, also in the basement."  Staley insists that, at most, this evidence shows merely that the firearms were present in the residence, and that showing would be insufficient as a matter of law to sustain a conviction for possessing them "in furtherance of" a drug crime.

In the alternative, he asks the Court to order the government to file a bill of particulars "outlining the facts upon which the government will rely [at trial] in support of Count Ten."

II.

A.

Federal Rule of Criminal Procedure 12 states that a defendant may move before trial to dismiss an indictment or any count of it that "fail[s] to state an offense."  Fed. R. Crim. P. 12(b)(3)(B)(v).  However, a motion under this rule is appropriate only if "the court can determine [it] without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).

"'[A]n indictment sufficiently states an offense if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Where the indictment "clearly track[s] the language of the statute," it sufficiently "contain[s] the elements of the offense." *Ibid.* Where the charging language includes "the relevant time period and the specific event that triggered the charge," the defendant will "accordingly be able to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense," and the second requirement under *Hamling* will be met. *Ibid.* "[C]ourts evaluating motions to dismiss [an indictment for failure to state an offense] do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (citing *Costello v. United States*, 350 U.S. 359, 362-63 (1956); *United States v. Powell*, 823 F.2d 996, 999-1001 (6th Cir.1987); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982)).

"Section 924(c) requires that a minimum sentence be imposed on 'any person who, during and in relation to any crime of violence or drug trafficking crime uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,' in addition to the punishment provided for such crime of violence or drug trafficking crime." *United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015) (quoting 18 U.S.C. § 924(c)(1)(A)). In *Ray*, the Sixth Circuit "explained that the term 'in furtherance of,' under § 924(c), [means that] the weapon must promote or facilitate the crime.'" *Ibid.* (quoting *United States v. Mackey*, 265 F.3d 457, 460-61 (6th Cir. 2001)). "Mere 'possession of a firearm on the same premises as a drug transaction [will] not, without a showing of a connection

between the two, sustain a § 924(c) conviction.'" *Ibid.* (quoting *United States v. Penney*, 576 F.3d 297, 315 (6th Cir. 2009)). "Instead, the government must 'illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity.'" *Ibid.* (quoting *Mackey*, 265 F.3d at 461). "In other words, there must be a 'specific nexus between the gun and the crime charged.'" *Ibid.* "'[F]actors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found.'" *Id.* at 263. "Further, '[i]n order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use.'" *Ibid.*

The indictment adequately charges a violation of 18 U.S.C. § 924(c)(1)(A), because (1) it alleges all of the essential elements of that offense: (a) that the defendant possessed one shotgun and two pistols, and (b) that he did so in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, namely the concurrent offense of maintaining a drug house that is charged in Count Nine of the indictment under 21 U.S.C. § 856(a)(1); (2) it outlines the essential facts underlying the charge by identifying the make and model of the firearms allegedly possessed and where they were found; and (3) it pinpoints the date of the alleged offense. The language of Count Ten precisely tracks the language of the statute, and, along with the facts alleged to support that count, it arms the defendant with the necessary facts to raise an acquittal or conviction on the present charge as a double jeopardy defense to a subsequent prosecution.

The defendant contends, based on his reading of the discovery documents and the location of the firearms described in police reports, that the government will be unable to prove at trial that

the firearms in question were in a "strategic location" within the residence where the defendant readily could have obtained and used them in the course of any criminal activity. If that turns out to be true at trial, the defendant will have a sound basis to move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 when the government rests its case. But anticipating a fatal defect in the government's proofs does not mean that the indictment itself is inadequate, nor does it present a proper basis for a pretrial dismissal of Count Ten under Rule 12. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). The *words* of the indictment adequately charge the crime, even though the *evidence* offered in support of the charge may prove wanting. Assessing the sufficiency of the evidence at this stage of the proceeding is problematic for at least two reasons. First, the record now before the Court does not disclose fully — and perhaps does not even suggest partially — the scope and substance of all the proofs, whatever they may be. Second, evaluating the evidence cannot be accomplished "without a trial on the merits," thereby extending the exercise beyond the scope of Rule 12. *See* Fed. R. Crim. P. 12(b)(1).

In *United States v. Ray*, the court of appeals examined at some length the circumstances of the recovery of the firearms in that case, and whether those facts were sufficient to sustain a conviction under section 924(c). 803 F.3d at 262. Staley argues that the facts in *Ray* are similar in significant respects to the facts he postulates here, and there may be something to that contention. But that is beside the point for the purpose of the present motion, which must focus on the words of the indictment. When the time comes to focus on the evidence (that is, at trial), *Ray*, no doubt, will provide some guidance. For now, however, our inquiry is limited to the four corners of the indictment.

B.

Staley also asks the Court to order the government to produce a bill of particulars that lays out the facts that will be offered at trial to support the charge in Count Ten. But a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Instead, it "is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Ibid.* (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

As noted above, the indictment is sufficient to describe the offense and allow the defendant to assert his rights in the future under the Double Jeopardy Clause. Staley has not explained how disclosure of more specific facts or information than what already is alleged in the indictment will be needed in this case to defend against the charge or prevent a later charge based on the same conduct. Moreover, under Rule 7, the defendant's motion for a bill pf particulars should have been made "within 14 days after arraignment." Fed. R. Crim. P. 7(f). The Court, of course, could enlarge that time limit, *ibid.*, but I see no basis to do so here.

III.

Count Ten of the indictment adequately charges a crime under 18 U.S.C. § 924(c), and that count describes the charged crime in sufficient detail to allow defendant Staley to defend against it and plead an acquittal or conviction as a bar to another prosecution.

Accordingly, the defendant's motion to dismiss Count Ten of the indictment, or for a bill of particulars [dkt. #23], is **DENIED**.

It is further **ORDERED** that trial shall commence on **April 26, 2016** at **8:30 a.m.**

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated:   April 5, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2016.

                                    s/Susan Pinkowski  
                                    SUSAN PINKOWSKI